WILLIAM A. VAN METER, ESQ.
Nevada State Bar No. 2803
P.O. Box 6630
Reno, Nevada 89513
Telephone: (775) 324-2500

Electronically Filed on: February 10, 2021

Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JOSE R. MARTINEZ-CHICAS<br>ARACELI G. DIAZ,<br>     Debtors.<br><br>_____ / | CASE NO. 20-51150-BTB<br>CHAPTER 13<br><br>**TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>Hearing Date: 02/18/2021<br>and Time:      3:00 pm<br>(Time Required – 1 minute) |

The Trustee objects to confirmation of the Debtor(s) Chapter 13 Plan or any Amended Plan to the extent the proposed Plan contains provisions inconsistent with the provisions of 11 U.S.C. §1322 or to the extent the requirements of 11 U.S.C. §1325 have not been satisfied. In connection with plan confirmation, the Trustee requests that the court determine that the Debtor has complied with 11 U.S.C. § 521(a)(1) and, that the automatic dismissal provisions of 11 U.S.C. § 521(i) do not apply.

The Trustee raises the following additional confirmation issues that are checked below:

___**X**___        The Plan does not satisfy the best interest of creditors test. 11 U.S.C. §1325 (a)(4). The scheduled value of the Debtors' non-exempt assets is **$Unknown at this time**. The Trustee projects that holders of unsecured claims will receive distributions totaling approximately **$Unknown at this time**.

___**X**___        **The Debtor(s) projected Disposable Income during the applicable Commitment Period is not applied to make payments to unsecured claims in this case. 11 U.S.C. §§1325(b)(1)(B) & (b)(2). Based on the supporting documentation provided to the Trustee and the Trustee's review of the Debtor's form B22C and Schedules I and J, the Debtor(s) has miscalculated their Current Monthly Income as defined by 11 U.S.C. § 101(10A) and their disposable income as defined by 11 U.S.C. § 1325(b)(2).**
        **The debtor's calculation of their income resulted in an under the median income level. The Trustee's calculation of the debtor's income was higher resulting in an Annualized current monthly income that is over the Applicable median family income which results in a positive Disposable Monthly Income (Line #59). The current proposed plan does not adequately provide for the amount required to be paid to the unsecured creditors, nor does the proposed plan payment provide for sufficient funds to account for a 100% distribution to all allowed claims.**
        **The Trustee requests that the Form 22C be amended.**

**Other issues:**
**Per documents provided income is understated by $3,989 a month**

**Per documents provided, the average Net income of $ 4,646.  The 22C says net income of $3,951.**

**#5… The Form is provided to calculate your average monthly income.  22C-2 is provided for all deductions/expenses.  Accordingly, the business expense of $19,966.50 is not properly listed on the Form.  Accordingly, the Trustee requests that the 22C be amended and filed with the court.**

__ X __        The Plan does not provide for all scheduled administrative, secured and priority claims and/or the proposed Plan payments are not adequate to provide for full payment of all administrative, secured and priority claims.  11 U.S.C. §1322(a).
   **Sheffield Financial filed arrears of $613.61 not provide for**
   **IRS was provided for in the plan of $14,000, the claim filed at $16,380.26**

__ X __        The Debtor(s) have not provided all requested tax returns or have failed to file all federal, state and/or local tax returns required by 11 U.S.C. § 1308.  11 U.S.C. § 1325(a)(9); Section 1228 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (not codified in Title 11).
   **2020 Tax Returns**

__ X __        **The Plan does not satisfy the good faith requirements of 11 U.S.C. §1325(a)(3) and/or (a)(7).**

__ X __        **The Debtors have not complied with 11 U.S.C. §521 and the Debtor's obligations to cooperate with the Trustee's office by failing to appear at the 341 meeting and/or failing to file and provide requested or required documents to the Trustee.  The Trustee may raise additional substantive Plan objections at the confirmation hearing if any when the Debtor(s) complies with his or her obligations under the Bankruptcy Code.**
   **Income verification from Mrs. Diaz**
   **Copy of the vehicle(s) registrations that are shared with Silvia Loyd**


__ X __        Other.  **The Plan states in Section 9.2 that "The secured creditors shall continue to send statements and/or allow for electronic payments".  The Debtor provides no legal and factual basis for this unusual plan provision.  Debtor should provide evidence establishing that the required posting of payments electronically is legally and factually correct.  The Debtor should also provide legal arguments establishing that the bankruptcy court has authority to enter such an order.**


   DATED:  February 10, 2021                   /S/ WILLIAM A. VAN METER
                                               William A. Van Meter, Trustee

**CERTIFICATE OF SERVICE**

    Pursuant to Fed. R. Bankr. P. 9014, 7004 and Fed. R. Civ. P. 4(g), I Katie Christ hereby swear under penalty of perjury that I am over the age of 18, not a party to the within action, and that on February 10, 2021, I Electronically Filed the attached **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** and that upon the filing of the document I anticipate that the Bankruptcy Court will thereafter generate a Notice of Electronic Filing and electronically transmit the document to:

Dated: February 10, 2021

                                                                          /S/ Katie Christ
                                                                          Katie Christ

LAW OFFICE OF NATHAN R. ZELTZER
NATHAN R. ZELTZER, ESQ.
232 COURT STREET
RENO, NV 89501

| | |
|---|---|
| JOSE R. MARTINEZ-CHICAS and ARACELI G. DIAZ<br>7430 BAROQUE COURT<br>SUN VALLEY, NV 89433 | Served by First Class Mail |