THE LAW OFFICE OF NATHAN R. ZELTZER, Ltd.
Nathan R. Zeltzer, Esq
State Bar No. 5173
232 Court Street
Reno, Nevada 89501
(775) 786-9993
nrzbk@yahoo.com
*Attorney for Debtors*

ECF filed: 5/20/21

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

\* \* \* \* \*

IN RE:

JOSE R. MARTINEZ-CHICAS,

ARACELI G. DIAZ,

        Debtors,
_____/

Case No.    BK-20-51150-BTB
CHAPTER 13
**RESPONSE TO REPLY TO OBJECTION TO THE PROOF OF CLAIM OF SYLVIA LLOYD Claim Number 15**
Hearing Date:    May 27, 2021
Hearing Time:    1:30pm
Estimated Time:    5 min.

    The Debtors, JOSE R. MARTINEZ-CHICAS and ARACELI G. DIAZ (hereinafter "Debtors") by and through their counsel, Nathan R. Zeltzer, Esq. files this Response to the Reply to Objection to proof of Claim Number 15 of Sylvia Lloyd (hereinafter "Creditor"). This Response is brought pursuant to the Points and Authorities included herein, other documents and pleadings filed with the court, and further oral argument of counsel as may be presented at the time of hearing.

1

# **POINTS AND AUTHORITIES**

## **BACKGROUND OF DISPUTE**

The Creditor in this case asserts that she loaned the Debtors $187,901.23, see Exhibit "2" to Creditor's Reply (but only filed a proof of claim asserting that $59,000.00 was owed, see Creditor's Claim No. 15 on the claims docket). What Creditor does not disclose is that the parties had been involved in two separate businesses that ended in the present dispute. The two businesses were:

1. a real estate investment located at 160 & 162 Daisy Mae Lane, Sun Valley, Nevada 89433 (hereafter the Daisy Mae project), and;
2. a business called Corazon a Corazon (hereafter Corazon) an in-patient mental health facility for individuals suffering mental disabilities.

The Creditor fails to distinguish these two separate businesses she asserts she is owed money on.

Additionally, the Creditor fails to inform the court that she acted as financial manager for Corazon, as she was given that position by the Debtors. In this position the Creditor had access to the books and records of Corazon and used this information for her own benefit and enrichment. It is the Debtors assertion that she breached her duty of loyalty and fair dealing to Corazon and the Debtors while she held this position.

Upon filing of the Debtors' Petition and Schedules that Debtors' listed Creditor's (in care of her attorney) debt as "disputed", see Schedule F on Doc 1. Furthermore, Debtors believe that if the Daisy Mae project had been completed and sold as was agreed upon by the parties, the Debtors would have realized a profit of $250,000.00.

The Creditor asserts that she loaned the Debtor, Mr. Martinez-Chicas, $40,000.00 on or about April 8, 2019, and that these funds were to be paid back to her. These funds were not loaned by Creditor to Debtors, but in fact were loaned to Mr. Martinez-Chicas by James I. Gast. This loan was made to Mr. Martinez-Chicas as a business loan. See Declaration of Joint Debtor, Araceli Diaz, in support of Response filed concurrently with this Response. As Creditor had access to the

business accounts of Corazon, she had access to the deposit slip and other bank documents that she attached to her Reply to Debtors Objection to her proof of claim.

As to the assertion that Creditor loaned $60,000.00 to Corazon the Debtors refute this claim in its entirety. While setting up the Daisy Mae project with the Creditor the Debtors allowed the funds to improve the Daisy Mae project to be deposited into the business account of Corazon, these checks and other documents will be filed in a later supplement to this Response. Mr. Martinez-Chicas provided on-going work logs and expenses to verify these funds were used to make improvements on the Daisy Mae Project which were necessary to complete that project. See Declaration of Joint-Debtor in support of Response.

As to the claim that Creditor is the owner of the 2014 Chevrolet Silverado 1500, this assertion is incorrect. Debtors assert that they never orally or expressly made any agreement to pay for this truck on Creditor's behalf. The Creditor was merely put on as a "legal title" holder because that was necessary to obtain the loan.

All payments on the subject vehicle have been made by the Debtors. The Joint Debtor, Araceli Diaz, is the legal and equitable owner of the truck. She has made all the payments, pays the insurance, and upkeep and maintenance on the truck. The Creditor was solely placed on the loan and title of the truck to allow the Debtors to qualify to purchase the truck. See Declaration of Joint-Debtor in support of Response.

Dated this 20th day of May, 2021.    /s/ Nathan R. Zeltzer
Nathan R. Zeltzer
Attorney for Debtors